IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RANDY A. MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-1294-CV-DPR |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Supplemental Security Income to Plaintiff Randy A. Morgan in a decision dated July 6, 2011 (Tr. 9-20). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff argues that substantial evidence does not support the ALJ's RFC determination because no evidence establishes that Morgan can stand and/or walk for six hours in an eight-hour day; that the ALJ assumed facts not in evidence regarding the claimant's intellectual functioning; and the ALJ improperly analyzed the severity of the claimant's impairments (Doc. 7). The Court has thoroughly reviewed the claimant's application for benefits and supporting administrative materials, medical evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based upon substantial evidence on the record as a whole. The ALJ properly considered the evidence in

the record regarding the claimant's functional limitations and alleged impairments. An ALJ is not required to obtain additional medical evidence where the evidence that appears in the record "provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, Case. No. 12-3396, 2013 WL 3880203 at * 4 (8th Cir. July 30, 2013) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)). Despite the existence of some evidence in the record that may support opposite conclusions, the Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: August 1, 2013**

                                                    /s/ *David P. Rush*
                                                  **DAVID P. RUSH**
                                                  **United States Magistrate Judge**